## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                    v.<br><br>STATE STREET BANK AND TRUST<br>COMPANY,<br><br>                              Defendant. | C.A. No. __-___ (__) |

## CONSENT OF DEFENDANT
## STATE STREET BANK AND TRUST COMPANY

1.      Defendant State Street Bank And Trust Company ("Defendant" or "State Street") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        a.      Orders Defendant to pay disgorgement in the amount of $7,331,020, plus prejudgment interest thereon in the amount of $1,019,161;

        b.      Orders Defendant to pay a civil penalty in the amount of $50,000,000 under 20(d) of the Securities Act of 1933;

        c.      Orders Defendant to comply with the following undertakings:

i.  Defendant will establish a fund (the "Fair Fund") that combines the $50,000,000 penalty with $8,350,181 in disgorgement and prejudgment interest, and a payment of $255,240,472 to compensate investors in 35 of State Street's subprime-focused commingled funds (the "Injured Investors") for their losses. Taking into account a credit for payments Defendant has already made or otherwise committed to pay to these investors, State Street will be paying total compensation to the Injured Investors of $663,191,540.

1.  Defendant will make, within 14 calendar days of the entry of the Final Judgment, a payment to the Fair Fund established pursuant to the Final Judgment in the amount of $313,590,653 to compensate the Injured Investors for harm caused as a result of the conduct alleged in the Complaint.

2.  Defendant will also make an additional payment of $78,589,155.91 by March 31, 2010 to certain Injured Investors in the event that the United States District Court for the Southern District of New York in the case titled In re State Street Bank And Trust Co. ERISA Litigation, Case 07 Civ. 8488 (RJH) ("the ERISA class action") does not grant final approval by March 17, 2010 to the settlement that that Court preliminarily approved on October 28, 2009.

ii.  Defendant will: (1) transfer the moneys paid in items 2.a., 2.b. and 2.c.i. above into a separate escrow account to be distributed as a Fair Fund to the Injured Investors in this case, with any undistributed funds being paid

2

to the Securities and Exchange Commission ("Commission") to be transferred to the U.S. Treasury; (2) bear the cost of distribution of the funds; and (3) retain the services of and be exclusively responsible for the compensation and expenses of an independent third party not unacceptable to the Commission's staff ("the Independent Third Party") to submit an accounting of the Fair Fund distribution on a quarterly basis, a final accounting, and a certification of the payment of funds as set forth in this Consent.

1. Defendant will be responsible for self administering the distribution of sums ordered as disgorgement, prejudgment interest and civil penalty in items 2.a. and 2.b. above, as well as the payments to the Fair Fund established pursuant to the Final Judgment referenced in item 2.c.i. above (collectively, the "Settlement Funds").

2. Defendant will cause, within 14 days of the entry of the Final Judgment, the distribution of the Settlement Funds to be made to the Injured Investors in the Payment amounts set forth in the schedule of payments in Attachment A to this Consent, which is incorporated herein. Such distribution of funds shall be made in accordance with the method specified by each Injured Investor, as described in item 2.c.ii.4 below.

3.  If the court in this action requests the identity of the Injured
    Investors, Defendant will provide the requested information to the
    court for in camera review.

4.  Within two business days of the Securities And Exchange
    Commission's filing of the complaint, this Consent, and proposed
    Final Judgment, Defendant will cause a letter to be sent by
    overnight mail to each Injured Investor with a copy of the
    complaint, Consent, proposed Final Judgment, and Litigation
    Release issued by the Securities And Exchange Commission in this
    action. The body of the letter shall state only that: "The United
    States Securities and Exchange Commission ("Commission") has
    filed a complaint against State Street Bank and Trust Company
    ("Defendant") in the United States District Court for the District of
    Massachusetts. The complaint concerns certain investments made
    by [name of affected Injured Investor] in [name of subprime-
    focused commingled fund(s) for which State Street is paying the
    Injured Investor compensation] managed by Defendant. Without
    admitting or denying the allegations of this complaint, Defendant
    has consented to the entry of the enclosed proposed Final
    Judgment to be issued by a United States District Judge. The
    proposed Final Judgment would order Defendant to compensate
    [name of Injured Investor] by making a payment of [amount of
    payment State Street will pay to Injured Investor pursuant to item

4

2.c.ii.2. above] within 14 days of the Judge's issuance of the proposed Final Judgment. Additional information concerning Defendant's settlement with the Commission is included in the enclosed Litigation Release issued by the Commission. This payment does not resolve any claims or potential claims [the Injured Investor] may have against Defendant. [Insert the following sentence only if State Street has already settled with the Injured Investor receiving the letter.] The [amount of payment State Street will pay to Injured Investor pursuant to item 2.c.ii.2. above] to be paid to [the Injured Investor] pursuant to the proposed Final Judgment in the Commission matter is being provided in addition to a payment of [amount previously paid to Injured Investor] that State Street [agreed to pay] to [the Injured Investor] on or about [date of settlement agreement]. Unless otherwise instructed by [Injured Investor's] completion and return of the enclosed payment declaration form by [calendar date that is seven days from date State Street sends this letter to the Injured Investor], State Street will mail [the Injured Investor] a check for [amount of payment State Street will pay to Injured Investor pursuant to item 2.c.ii.2. above] within 14 days of the Court's entry of the proposed Final Judgment in this matter."

5. In the event that the settlement of the ERISA class action is not granted final approval by March 17, 2010, Defendant will, by

March 31, 2010, cause the distribution of the Settlement Funds to be made to the Injured Investors in the Additional Payment to ERISA Investors amounts set forth in the schedule of payments in Attachment A to this Consent, which is incorporated herein.

6. If the ERISA class action is not granted final approval by March 17, 2010, on March 18, 2010, Defendant will cause a letter to be sent by overnight mail to each Injured Investor who will receive an additional payment pursuant to item 2.c.ii.5 above. This letter shall attach a copy of the Complaint, Consent, Final Judgment, and Litigation Release issued by the Securities And Exchange Commission in this action. The body of the letter shall state only that: "The United States Securities and Exchange Commission ("Commission") has filed a complaint against State Street Bank and Trust Company ("Defendant") in the United States District Court for the District of Massachusetts. The complaint concerns certain investments made by [name of Injured Investor] in [name of subprime-focused commingled fund(s) for which State Street is paying the Injured Investor compensation] managed by Defendant. Without admitting or denying the allegations of this complaint, Defendant has consented to the entry of the enclosed Final Judgment issued by United States District Judge [name of Judge issuing Final Judgment] on [date Final Judgment is signed]. The Final Judgment orders Defendant to compensate [name of Injured

Investor] by making a payment of [amount of payment State Street will pay to Injured Investor pursuant to item 2.c.ii.2. above]. Defendant made this payment on [date State Street sent payment from item 2.c.ii.2. to Injured Investor]. The Final Judgment was predicated, however, on the assumption that Defendant would be making a payment of $78,589,155.91 to certain Injured Investors in connection with the settlement of the United States District Court for the Southern District of New York in the case titled In re State Street Bank And Trust Co. ERISA Litigation, Case 07 Civ. 8488 (RJH)ERISA class action (the "ERISA Litigation"). The settlement of ERISA Litigation was not approved by March 17, 2010, and thus, pursuant to the Final Judgment we will be making an additional payment of [amount of payment State Street has undertaken to pay to Injured Investor pursuant to item 2.c.ii.5. above] to [Injured Investor]. Unless otherwise instructed by [Injured Investor's] completion and return of the enclosed payment declaration form by [calendar date that is seven days from date State Street sends this letter to the Injured Investor], State Street will mail [the Injured Investor] a check for [amount of payment State Street will pay to Injured Investor pursuant to item 2.c.ii.5. above] within 14 days of the Court's entry of the proposed Final Judgment in this matter."

7. When making the payments to Injured Investors described in items 2.c.ii.2. and 2.c.ii.5.above, Defendant will retain photocopies of such payments, or other proof of electronic payment, and copies of the letters sent to investors and any instructions received, for submission to the Commission's counsel in this action as part of the quarterly reports or final accounting as appropriate.

8. All distribution checks shall bear a stale date of 90 days and shall be voided thereafter.

9. Defendant will make all reasonable efforts to locate and distribute all payments to Injured Investors, and shall not cease such efforts without prior approval from the Commission's staff.

10. Any remaining amounts in the Fair Fund, and any amounts Defendant is unable, due to factors beyond its control, to pay to any Injured Investor shall be transferred to the Securities and Exchange Commission. Such payment shall be made when the Independent Third Party's final accounting is submitted and shall be: (i) made by United States postal money order, certified check, bank cashier's check or bank money order; (ii) made payable to the Securities and Exchange Commission; (iii) hand-delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, VA 22312; and (iv) submitted under cover letter that identifies State Street as the Defendant in this

matter, the case number, a copy of which cover letter and money order or check shall be sent to John T. Dugan, Associate Director, Division of Enforcement, Securities and Exchange Commission, 33 Arch Street, 23rd Floor, Boston, MA 02110.

11. Defendant will pay for any tax liabilities of the Settlement Funds from the Settlement Funds. Defendant agrees to be responsible for all tax compliance responsibilities associated with the Settlement Funds and may retain any professional services necessary. The costs and expenses of any such professional services shall be borne by Defendant and shall not be paid out of the Settlement Funds.

12. If applicable, within 10 days of the end of each quarter (i.e., the end of each 90-day period following the entry of the Final Judgment), Defendant shall file with the Court and provide the Commission's staff a copy of quarterly accounting reports completed by the Independent Third Party. Even if quarterly reports are not required, within 20 days of the date Defendant completes the distribution described above, Defendant shall file with the Court and provide the Commission's staff a copy of a final accounting of all assets of the Fair Fund completed by the Independent Third Party, in the form of the Commission's Standardized Fund Accounting Report, to be provided to Defendant. Any supporting documentation for the accounting shall be provided to Commission staff upon request. Defendant

shall cooperate with reasonable requests for information in
connection with the final accounting.

13. The obligations to pay prejudgment interest, disgorgement, and
penalty are not fully satisfied until all funds are disbursed and the
final accounting is complete and any residual has been transferred
to the Commission for disbursement to the United States Treasury.

iii. Defendant will retain, within 30 days of the date of entry of this Final
Judgment, the services of an Independent Compliance Consultant
("Consultant") not unacceptable to the staff of the Commission.

1. Defendant State Street will retain the Consultant to conduct a
comprehensive review of State Street's disclosure, compliance and
other policies and procedures for State Street's pooled investment
strategies designed to prevent and detect federal securities
violations of the nature alleged in this matter. Defendant State
Street will require the Consultant, where the Consultant deems
appropriate, to propose procedures designed: (1) to prevent the
disclosure of material information concerning each pooled
investment strategy offered by State Street to State Street's internal
advisory groups unless such information is simultaneously
disseminated to other investors; (2) to provide enhanced disclosure
about the investment objectives and policies, and related risks
(including, but not limited to, the use of derivative instruments, the
use of leverage, the ability to concentrate in a particular industry or

10

sector, and potential conflicts of interest with other State Street strategies or products), of each pooled investment strategy offered by State Street; (3) to standardize the reporting of holdings and characteristics for State Street's pooled investment strategies; and (4) to ensure that State Street's disclosures of material information to investors in State Street's pooled investment strategies complied with applicable federal securities laws. Defendant State Street will cooperate fully with the Consultant and will provide the Consultant with access to its files, books, records, and personnel as reasonably requested for the review. The Consultant's compensation and expenses will be borne by Defendant State Street;

2. Upon the conclusion of the review, which shall not be more than 90 days after the Consultant's retention is finalized, Defendant State Street will require the Consultant to submit a Report to Defendant State Street and the staff of the Commission. The Report will include a description of the review performed, the conclusions reached, the Consultant's recommendations, if any, for changes in or improvements to policies and procedures of Defendant State Street and a procedure for implementing the recommended changes in or improvements to Defendant State Street's policies and procedures, if any;

3. Defendant State Street will adopt all recommendations contained in the Consultant's Report, if any; provided, however, that within

11

30 days after delivery of the Consultant's Report, Defendant State Street will in writing advise the Consultant and the staff of the Commission of any recommendations that it considers to be unnecessary or inappropriate. With respect to any recommendation that Defendant State Street considers unnecessary or inappropriate, Defendant State Street need not adopt that recommendation at that time but shall propose in writing an alternative policy, procedure or system designed to achieve the same objective or purpose or explain in writing why it considers any recommendation or alternative to be unnecessary or inappropriate. As to any recommendation with respect to Defendant State Street's policies and procedures on which Defendant State Street and the Consultant do not agree, such parties shall attempt in good faith to reach an agreement within 60 days after delivery of the Consultant's Report. In the event Defendant State Street and the Consultant are unable to agree on an alternative proposal acceptable to the staff of the Commission, Defendant State Street will abide by the determinations of the Consultant;

4. Defendant State Street (i) shall not have the authority to terminate the Consultant, without the prior written approval of the staff of the Commission; (ii) shall compensate the Consultant, and persons engaged to assist the Consultant, for services rendered pursuant to

this Final Judgment at their reasonable and customary rates; and (iii) shall not be in and will not have an attorney-client relationship with the Consultant and will not seek to invoke the attorney-client or any other doctrine or privilege to prevent the Consultant from transmitting any information, reports, or documents to the staff of the Commission;

5.  Defendant State Street shall require that the Consultant, for the period of the engagement and for a period of two years from completion of the engagement, shall not enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant State Street, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such. Defendant State Street shall require that any firm with which the Consultant is affiliated in performance of his or her duties under this Final Judgment shall not, without prior written consent of the staff of the Commission, enter into any employment, consultant, attorney-client, auditing or other professional relationship with Defendant State Street, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement;

6.  Within nine months from the issuance of this Final Judgment, Defendant State Street shall provide an affidavit via certified mail

13

to David P. Bergers, Regional Director, Securities and Exchange Commission, Boston Regional Office, 33 Arch Street, Boston, Massachusetts 02110, that it has complied with the provisions of this undertaking (item 2.c.iii.). Such affidavit shall contain a statement describing the procedures adopted and implemented in compliance with this undertaking. Such letter shall be submitted under cover letter which identifies Defendant State Street as a Defendant in this matter; and

7. The staff of the Commission may extend any of the deadlines contained in this undertaking (item 2.c.iii.) for good cause shown.

iv. Recordkeeping. Defendant shall preserve for a period not less than six years from the end of the fiscal year last used, the first two years in an easily accessible place, any record of Defendant's compliance with the undertakings set forth above.

v. In determining whether to settle this matter, the Commission has considered these undertakings. Defendant agrees that if the Commission believes that Defendant has not satisfied these undertakings, the Commission may request that the Court vacate this Final Judgment and restore this case to its active docket.

d. The staff of the Commission may extend any of the deadlines contained in this paragraph 2 for good cause shown.

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

14

Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

      4.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent and its attachment shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

12.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _1/29/10_____

_____

State Street Bank and Trust Company

By:_____
Jeffrey N. Carp
Executive Vice President and Chief Legal Officer
State Street Bank and Trust Company
One Lincoln Street
Boston, MA 02111


On _1/29_____, 2000, _Jeffrey Carp_____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of _State Street Bank+_ as its _Executive Vice President_.
_____Trust Company

_____
Notary Public
Commission expires:

ANNEMARIE E. INMAN
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires Dec. 31,


Approved as to form:

_____
R DANIEL O' CONNOR
Ropes & Gray LLP
Attorney for Defendant


18

 **STATE STREET.**

### STATE STREET BANK AND TRUST COMPANY

### ASSISTANT SECRETARY CERTIFICATE

I, David C. Phelan, do hereby certify that I am the duly elected, qualified and acting Assistant Secretary of State Street Bank and Trust Company ("State Street"), a Massachusetts chartered trust company and bank, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of State Street at a meeting held on January 21, 2010 at which a quorum was present and resolved as follows:

RESOLVED:     That Ronald E. Logue, Chairman and Chief Executive Officer, Joseph L. Hooley, President and Chief Operating Officer, Jeffrey N. Carp, Executive Vice President and Chief Legal Officer, and Edward J. Resch, Executive Vice President and Chief Financial Officer, (the "Authorized Officers") be and hereby are each authorized to act on behalf of the company, and in their sole discretion, to negotiate, approve, and execute the Consent, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Authorized Officers be and hereby are each authorized to undertake such actions as they may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __2__ day of __February__, 2010

By: _____

David C. Phelan
Executive Vice President,
General Counsel and Assistant Secretary
State Street Bank and Trust Company

COMMONWEALTH OF MASSACHUSETTS     )
                                  )     SS:
COUNTY OF SUFFOLK                 )

On this __2nd__ day of February, 2010, before me, the undersigned notary public, personally appeared David C. Phelan, who proved to me through satisfactory evidence of identification, to be the person whose name is signed on the foregoing document and acknowledged that he has signed it as his free act and deed and voluntarily for its stated purpose.

Name of notary public

My commission expires:
(Official seal and stamp)

SHANNON STANLEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 3, 2011

24272100_1.DOC

# Attachment A

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|----|--------|-------------------|---------|-----------------------------------|
| 1 | $2,042,298.79 | $1,500,116.00 | $542,182.79 | $1,500,116.00 |
| 2 | $1,218,011.87 | $0.00 | $1,218,011.87 | |
| 3 | $146,234.41 | $146,234.41 | $0.00 | $146,234.41 |
| 4 | $41,979.17 | $30,967.13 | $11,012.04 | $30,967.13 |
| 5 | $97,692.87 | $97,692.87 | $0.00 | $97,692.87 |
| 6 | $212,247.44 | $212,247.44 | $0.00 | $212,247.44 |
| 7 | $843,383.66 | $684,755.00 | $158,628.66 | |
| 8 | $3,049,214.66 | $1,584,188.00 | $1,465,026.66 | $1,584,188.00 |
| 9 | $3,962,993.72 | $3,962,993.72 | $0.00 | |
| 10 | $4,678,565.46 | $3,566,992.00 | $1,111,573.46 | $3,566,992.00 |
| 11 | $344,769.09 | $258,000.00 | $86,769.09 | |
| 12 | $1,471,084.14 | $0.00 | $1,471,084.14 | |
| 13 | $252,690.10 | $0.00 | $252,690.10 | |
| 14 | $29,855.82 | $0.00 | $29,855.82 | |
| 15 | $36,744.24 | $0.00 | $36,744.24 | |
| 16 | $133,473.04 | $108,434.57 | $25,038.47 | $108,434.57 |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|----|--------|-------------------|---------|-----------------------------------|
| 17 | $193,196.65 | $134,202.00 | $58,994.65 | $134,202.00 |
| 18 | $121,922.89 | $84,693.00 | $37,229.89 | $84,693.00 |
| 19 | $390,664.81 | $288,697.00 | $101,967.81 | $288,697.00 |
| 20 | $46,167.05 | $0.00 | $46,167.05 | |
| 21 | $3,486,351.33 | $0.00 | $3,486,351.33 | |
| 22 | $673,082.05 | $0.00 | $673,082.05 | |
| 23 | $109,088.15 | $75,777.00 | $33,311.15 | $75,777.00 |
| 24 | $39,380.82 | $39,380.82 | $0.00 | $39,380.82 |
| 25 | $180,706.54 | $126,300.00 | $54,406.54 | |
| 26 | $25,136,987.05 | $18,961,005.00 | $6,175,982.05 | $18,961,005.00 |
| 27 | $285,396.62 | $209,272.00 | $76,124.62 | $209,272.00 |
| 28 | $5,016,205.22 | $3,790,819.00 | $1,225,386.22 | $3,790,819.00 |
| 29 | $62,245.41 | $0.00 | $62,245.41 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 30 | $157,363.79 | $117,182.00 | $40,181.79 | $117,182.00 |
| 31 | $1,864,005.90 | $1,513,411.00 | $350,594.90 | |
| 32 | $268,368.22 | $0.00 | $268,368.22 | |
| 33 | $558,504.49 | $558,504.49 | $0.00 | $558,504.49 |
| 34 | $65,551.43 | $61,855.46 | $3,695.97 | $61,855.46 |
| 35 | $18,152,664.69 | $16,873,000.00 | $1,279,664.69 | |
| 36 | $46,547.51 | $0.00 | $46,547.51 | |
| 37 | $61,230.71 | $0.00 | $61,230.71 | |
| 38 | $38,473.19 | $38,473.19 | $0.00 | $38,473.19 |
| 39 | $41,999.80 | $0.00 | $41,999.80 | |
| 40 | $94,231.47 | $50,000.00 | $44,231.47 | |
| 41 | $4,883,167.78 | $4,883,167.78 | $0.00 | $4,883,167.78 |
| 42 | $150,092.33 | $58,000.00 | $92,092.33 | |
| 43 | $202,177.99 | $202,177.99 | $0.00 | $202,177.99 |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|----|--------|-------------------|---------|-----------------------------------|
| 44 | $29,807.29 | $0.00 | $29,807.29 | |
| 45 | $602.07 | $0.00 | $602.07 | |
| 46 | $224,096.79 | $141,000.00 | $83,096.79 | |
| 47 | $1,111,171.61 | $700,000.00 | $411,171.61 | |
| 48 | $1,171,870.58 | $630,000.00 | $541,870.58 | |
| 49 | $373,439.13 | $40,704.00 | $332,735.13 | $40,704.00 |
| 50 | $39,288.61 | $0.00 | $39,288.61 | |
| 51 | $11,077,649.23 | $7,250,000.00 | $3,827,649.23 | |
| 52 | $4,132,179.83 | $2,500,000.00 | $1,632,179.83 | |
| 53 | $87,122.32 | $87,122.32 | $0.00 | $87,122.32 |
| 54 | $55,142.14 | $0.00 | $55,142.14 | |
| 55 | $1,620,816.17 | $1,070,356.00 | $550,460.17 | $1,070,356.00 |
| 56 | $1,745,860.62 | $1,200,000.00 | $545,860.62 | |
| 57 | $538,237.97 | $394,363.00 | $143,874.97 | $394,363.00 |
| 58 | $897,608.91 | $0.00 | $897,608.91 | |
| 59 | $43,739.82 | $0.00 | $43,739.82 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|----|--------|-------------------|---------|-----------------------------------|
| 60 | $13,402.21 | $0.00 | $13,402.21 | |
| 61 | $642,315.97 | $453,410.00 | $188,905.97 | $453,410.00 |
| 62 | $520,894.07 | $520,894.07 | $0.00 | $520,894.07 |
| 63 | $144,003.62 | $110,340.00 | $33,663.62 | $110,340.00 |
| 64 | $1,116,803.29 | $907,388.00 | $209,415.29 | |
| 65 | $229,906.48 | $168,741.30 | $61,165.17 | |
| 66 | $1,461,333.77 | $1,072,742.26 | $388,591.51 | |
| 67 | $13,940,850.73 | $10,262,124.04 | $3,678,726.69 | |
| 68 | $1,919,361.00 | $1,400,553.22 | $518,807.78 | |
| 69 | $75,199.16 | $54,759.44 | $20,439.72 | |
| 70 | $57,914.73 | $41,855.67 | $16,059.07 | |
| 71 | $441,732.10 | $0.00 | $441,732.10 | |
| 72 | $10,742.08 | $0.00 | $10,742.08 | |
| 73 | $19,401,380.44 | $12,500,000.00 | $6,901,380.44 | |
| 74 | $77,868.36 | $58,753.08 | $19,115.28 | $58,753.08 |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 75 | $66,283.25 | $50,000.00 | $16,283.25 | |
| 76 | $160,226.80 | $0.00 | $160,226.80 | |
| 77 | $357,933.50 | $214,000.00 | $143,933.50 | |
| 78 | $997,593.09 | $997,593.09 | $0.00 | |
| 79 | $4,166,398.42 | $3,299,209.00 | $867,189.42 | $3,299,209.00 |
| 80 | $109,388.57 | $109,388.57 | $0.00 | $109,388.57 |
| 81 | $895,949.26 | $0.00 | $895,949.26 | |
| 82 | $8,653,341.68 | $0.00 | $8,653,341.68 | |
| 83 | $27,849.71 | $0.00 | $27,849.71 | |
| 84 | $261,876.41 | $261,876.41 | $0.00 | $261,876.41 |
| 85 | $559,149.47 | $0.00 | $559,149.47 | |
| 86 | $46,443.38 | $34,600.55 | $11,842.83 | $34,600.55 |
| 87 | $753.99 | $0.00 | $753.99 | |
| 88 | $10,194,346.91 | $0.00 | $10,194,346.91 | |
| 89 | $223,287.32 | $213,457.09 | $9,830.23 | $213,457.09 |
| 90 | $11,375.82 | $0.00 | $11,375.82 | |
| 91 | $14,234.64 | $0.00 | $14,234.64 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 92 | $69,839.32 | $69,839.32 | $0.00 | $69,839.32 |
| 93 | $142,888.82 | $108,953.11 | $33,935.71 | $108,953.11 |
| 94 | $172,879.97 | $132,106.31 | $40,773.66 | $132,106.31 |
| 95 | $3,280,192.79 | $2,501,000.30 | $779,192.49 | $2,501,000.30 |
| 96 | $25,970.79 | $0.00 | $25,970.79 | |
| 97 | $296,665.01 | $225,875.00 | $70,790.01 | $225,875.00 |
| 98 | $1,145,404.15 | $0.00 | $1,145,404.15 | |
| 99 | $93,801.34 | $0.00 | $93,801.34 | |
| 100 | $254,484.63 | $0.00 | $254,484.63 | |
| 101 | $17,174.56 | $16,482.96 | $691.60 | $16,482.96 |
| 102 | $2,824,440.40 | $1,870,000.00 | $954,440.40 | |
| 103 | $29,008,700.54 | $18,541,961.00 | $10,466,739.54 | |
| 104 | $5,108.59 | $0.00 | $5,108.59 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 105 | $99,321.89 | $70,000.00 | $29,321.89 | |
| 106 | $4,374,414.21 | $4,374,414.21 | $0.00 | |
| 107 | $4,145,064.55 | $2,395,182.00 | $1,749,882.55 | |
| 108 | $24,629.61 | $0.00 | $24,629.61 | |
| 109 | $70,223.37 | $0.00 | $70,223.37 | |
| 110 | $33,205.42 | $0.00 | $33,205.42 | |
| 111 | $607,718.35 | $300,000.00 | $307,718.35 | |
| 112 | $123,856.61 | $90,000.00 | $33,856.61 | |
| 113 | $1,791,947.83 | $1,301,203.00 | $490,744.83 | $1,301,203.00 |
| 114 | $4,138,760.10 | $4,138,760.10 | $0.00 | |
| 115 | $5,880,871.37 | $0.00 | $5,880,871.37 | |
| 116 | $21,034,629.35 | $9,224,211.00 | $11,810,418.35 | |
| 117 | $142,024.23 | $25,058.16 | $116,966.07 | $25,058.16 |
| 118 | $1,418,434.07 | $1,000,000.00 | $418,434.07 | |
| 119 | $21,649,660.81 | $0.00 | $21,649,660.81 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 120 | $288,678.33 | $211,734.00 | $76,944.33 | $211,734.00 |
| 121 | $1,775,235.24 | $825,000.00 | $950,235.24 | |
| 122 | $10,018,174.55 | $8,600,000.00 | $1,418,174.55 | |
| 123 | $123,550.70 | $65,000.00 | $58,550.70 | |
| 124 | $13,361.63 | $11,690.00 | $1,671.63 | $11,690.00 |
| 125 | $290,438.19 | $277,038.00 | $13,400.19 | $277,038.00 |
| 126 | $27,345.49 | $26,166.00 | $1,179.49 | $26,166.00 |
| 127 | $172.89 | $0.00 | $172.89 | |
| 128 | $125,401.47 | $100,000.00 | $25,401.47 | |
| 129 | $38,788.68 | $29,020.00 | $9,768.68 | |
| 130 | $193,567.53 | $0.00 | $193,567.53 | |
| 131 | $952,583.14 | $0.00 | $952,583.14 | |
| 132 | $783,736.42 | $452,874.00 | $330,862.42 | |
| 133 | $7,611,592.69 | $4,350,000.00 | $3,261,592.69 | |
| 134 | $201,745.46 | $0.00 | $201,745.46 | |
| 135 | $478,924.26 | $205,100.00 | $273,824.26 | |
| 136 | $70,759.32 | $42,500.00 | $28,259.32 | |
| 137 | $23,447,955.95 | $23,447,955.95 | $0.00 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 138 | $1,119,236.37 | $0.00 | $1,119,236.37 | |
| 139 | $41,520.28 | $0.00 | $41,520.28 | |
| 140 | $1,418,742.38 | $1,025,489.00 | $393,253.38 | $1,025,489.00 |
| 141 | $2,507,485.35 | $1,857,833.00 | $649,652.35 | $1,857,833.00 |
| 142 | $419,691.47 | $419,691.47 | $0.00 | |
| 143 | $274.16 | $0.00 | $274.16 | |
| 144 | $2,803.70 | $0.00 | $2,803.70 | |
| 145 | $21,580.24 | $8,000.00 | $13,580.24 | |
| 146 | $179,647.94 | $140,000.00 | $39,647.94 | |
| 147 | $88,023.57 | $65,252.58 | $22,770.99 | $65,252.58 |
| 148 | $1,259,094.40 | $490,000.00 | $769,094.40 | |
| 149 | $7,235,189.52 | $0.00 | $7,235,189.52 | |
| 150 | $34,197,945.64 | $0.00 | $34,197,945.64 | |
| 151 | $1,653,577.96 | $1,231,933.00 | $421,644.96 | $1,231,933.00 |
| 152 | $552,961.58 | $155,358.00 | $397,603.58 | $155,358.00 |
| 153 | $793,724.04 | $450,000.00 | $343,724.04 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 154 | $303,256.81 | $225,417.03 | $77,839.78 | $225,417.03 |
| 155 | $139,920.89 | $98,770.00 | $41,150.89 | $98,770.00 |
| 156 | $25,736.32 | $0.00 | $25,736.32 | |
| 157 | $49,083.14 | $0.00 | $49,083.14 | |
| 158 | $393,691.00 | $0.00 | $393,691.00 | |
| 159 | $1,875,681.60 | $1,875,681.60 | $0.00 | |
| 160 | $349,740.80 | $349,239.00 | $501.80 | $349,239.00 |
| 161 | $19,156,429.11 | $0.00 | $19,156,429.11 | |
| 162 | $1,929,397.51 | $1,764,098.00 | $165,299.51 | |
| 163 | $391,437.94 | $300,000.00 | $91,437.94 | |
| 164 | $823,872.44 | $539,000.00 | $284,872.44 | |
| 165 | $4,995,210.77 | $3,672,101.00 | $1,323,109.77 | $3,672,101.00 |
| 166 | $233,520.26 | $0.00 | $233,520.26 | |
| 167 | $205,088.89 | $0.00 | $205,088.89 | |
| 168 | $234,457.82 | $0.00 | $234,457.82 | |
| 169 | $40,697.53 | $0.00 | $40,697.53 | |
| 170 | $3,254,447.12 | $2,500,000.00 | $754,447.12 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 171 | $48,465.65 | $36,656.64 | $11,809.01 | $36,656.64 |
| 172 | $465,016.64 | $371,908.00 | $93,108.64 | $371,908.00 |
| 173 | $835,920.63 | $602,645.00 | $233,275.63 | $602,645.00 |
| 174 | $1,033,914.56 | $900,000.00 | $133,914.56 | |
| 175 | $796,594.80 | $667,364.00 | $129,230.80 | $667,364.00 |
| 176 | $418,206.88 | $0.00 | $418,206.88 | |
| 177 | $12,687.44 | $11,022.02 | $1,665.42 | $11,022.02 |
| 178 | $1,381,407.14 | $750,000.00 | $631,407.14 | |
| 179 | $54,543.51 | $0.00 | $54,543.51 | |
| 180 | $10,980.64 | $0.00 | $10,980.64 | |
| 181 | $878,627.08 | $0.00 | $878,627.08 | |
| 182 | $11,989,350.23 | $0.00 | $11,989,350.23 | |
| 183 | $3,783.66 | $0.00 | $3,783.66 | |
| 184 | $106,506.67 | $0.00 | $106,506.67 | |
| 185 | $162,435.64 | $162,435.64 | $0.00 | $162,435.64 |
| 186 | $414,992.30 | $325,000.00 | $89,992.30 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 187 | $188,463.82 | $177,837.22 | $10,626.60 | $177,837.22 |
| 188 | $15,668,324.34 | $15,668,324.34 | $0.00 | |
| 189 | $4,584,366.18 | $3,250,000.00 | $1,334,366.18 | |
| 190 | $7,277,248.54 | $7,000,000.00 | $277,248.54 | |
| 191 | $1,434,566.29 | $812,814.00 | $621,752.29 | |
| 192 | $2,862,599.73 | $1,390,000.00 | $1,472,599.73 | |
| 193 | $1,659,005.92 | $1,193,850.00 | $465,155.92 | $1,193,850.00 |
| 194 | $530,758.91 | $530,758.91 | $0.00 | $530,758.91 |
| 195 | $9,829,528.60 | $5,450,000.00 | $4,379,528.60 | |
| 196 | $76,074.30 | $0.00 | $76,074.30 | |
| 197 | $52,552,696.77 | $0.00 | $52,552,696.77 | |
| 198 | $4,133,934.29 | $2,367,475.00 | $1,766,459.29 | |
| 199 | $114,871.71 | $0.00 | $114,871.71 | |
| 200 | $120,930.03 | $0.00 | $120,930.03 | |
| 201 | $2,632,284.49 | $2,060,448.00 | $571,836.49 | $2,060,448.00 |
| 202 | $373,356.81 | $87,661.00 | $285,695.81 | |
| 203 | $341,232.08 | $84,803.00 | $256,429.08 | |
| 204 | $8,186,282.14 | $6,334,184.00 | $1,852,098.14 | |

13

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 205 | $3,361,374.98 | $3,200,000.00 | $161,374.98 | |
| 206 | $1,741,406.03 | $1,000,000.00 | $741,406.03 | |
| 207 | $142,951.54 | $0.00 | $142,951.54 | |
| 208 | $870,489.94 | $0.00 | $870,489.94 | |
| 209 | $90,795.64 | $74,530.00 | $16,265.64 | $74,530.00 |
| 210 | $6,978.87 | $0.00 | $6,978.87 | |
| 211 | $13,963,763.09 | $10,773,488.00 | $3,190,275.09 | |
| 212 | $680,738.83 | $0.00 | $680,738.83 | |
| 213 | $257,234.35 | $0.00 | $257,234.35 | |
| 214 | $735,474.75 | $0.00 | $735,474.75 | |
| 215 | $46,793.89 | $0.00 | $46,793.89 | |
| 216 | $338,972.70 | $48,598.65 | $290,374.05 | $48,598.65 |
| 217 | $58,482.87 | $0.00 | $58,482.87 | |
| 218 | $1,293,933.29 | $1,293,933.29 | $0.00 | $1,293,933.29 |
| 219 | $1,214,834.70 | $1,000,000.00 | $214,834.70 | |
| 220 | $34,337.38 | $0.00 | $34,337.38 | |
| 221 | $943,178.76 | $365,000.00 | $578,178.76 | |
| 222 | $5,320.58 | $0.00 | $5,320.58 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 223 | $85,568.53 | $0.00 | $85,568.53 | |
| 224 | $310.34 | $0.00 | $310.34 | |
| 225 | $272.84 | $0.00 | $272.84 | |
| 226 | $6,561,074.75 | $0.00 | $6,561,074.75 | |
| 227 | $2,320,964.17 | $1,800,000.00 | $520,964.17 | |
| 228 | $70,869.75 | $0.00 | $70,869.75 | |
| 229 | $292,381.91 | $292,381.91 | $0.00 | |
| 230 | $1,288,420.88 | $700,000.00 | $588,420.88 | |
| 231 | $277,828.43 | $253,720.00 | $24,108.43 | |
| 232 | $674,310.39 | $0.00 | $674,310.39 | |
| 233 | $2,002,625.55 | $2,002,625.55 | $0.00 | |
| 234 | $5,064,561.42 | $2,925,000.00 | $2,139,561.42 | |
| 235 | $6,496,030.43 | $6,420,293.00 | $75,737.43 | $6,420,293.00 |
| 236 | $7,667,151.37 | $5,100,000.00 | $2,567,151.37 | |
| 237 | $3,585,305.60 | $2,400,000.00 | $1,185,305.60 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 238 | $290,847.02 | $0.00 | $290,847.02 | |
| 239 | $109,601.75 | $0.00 | $109,601.75 | |
| 240 | $66,840.56 | $0.00 | $66,840.56 | |
| 241 | $14,142.75 | $0.00 | $14,142.75 | |
| 242 | $1,196,276.55 | $275,000.00 | $921,276.55 | |
| 243 | $1,399,278.58 | $900,000.00 | $499,278.58 | |
| 244 | $8,655.52 | $8,406.97 | $248.55 | $8,406.97 |
| 245 | $37,973.20 | $37,535.73 | $437.47 | $37,535.73 |
| 246 | $2,391,610.74 | $1,900,000.00 | $491,610.74 | |
| 247 | $120,508.64 | $89,102.31 | $31,406.33 | $89,102.31 |
| 248 | $771,956.70 | $771,956.70 | $0.00 | |
| 249 | $598,399.05 | $350,000.00 | $248,399.05 | |
| 250 | $698,127.97 | $0.00 | $698,127.97 | |
| 251 | $82,301.63 | $66,795.44 | $15,506.19 | $66,795.44 |
| 252 | $770,940.75 | $400,000.00 | $370,940.75 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 253 | $180,270.40 | $0.00 | $180,270.40 | |
| 254 | $9,663.88 | $0.00 | $9,663.88 | |
| 255 | $3,310,219.63 | $2,300,000.00 | $1,010,219.63 | |
| 256 | $1,288,212.47 | $600,000.00 | $688,212.47 | |
| 257 | $370,208.33 | $0.00 | $370,208.33 | |
| 258 | $79,672.37 | $0.00 | $79,672.37 | |
| 259 | $14,704,594.13 | $13,160,000.00 | $1,544,594.13 | |
| 260 | $23,054,041.17 | $20,436,632.00 | $2,617,409.17 | |
| 261 | $1,083,129.99 | $221,934.00 | $861,195.99 | $221,934.00 |
| 262 | $859,769.11 | $700,000.00 | $159,769.11 | |
| 263 | $7,672,711.87 | $6,803,320.00 | $869,391.87 | $6,803,320.00 |
| 264 | $172,695.22 | $0.00 | $172,695.22 | |
| 265 | $885,217.41 | $760,000 | $125,217.41 | |
| 266 | $142,497.47 | $0.00 | $142,497.47 | |
| 267 | $115,799.25 | $42,755.28 | $73,043.97 | $42,755.28 |
| 268 | $128,468.93 | $0.00 | $128,468.93 | |

| ID | Losses | Settlement Credit | Payment | ERISA Investors Settlement Amount |
|---|---|---|---|---|
| 269 | $291,200.26 | $0.00 | $291,200.26 | |
| 270 | $36,288.29 | $0.00 | $36,288.29 | |
| 271 | $80,349.23 | $78,784.80 | $1,564.43 | $78,784.80 |
| 272 | $78,915.33 | $0.00 | $78,915.33 | |
| 273 | $692,178.05 | $653,149.00 | $39,029.05 | $653,149.00 |