UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | C.A. No. 10-10172-DPW |

**FINAL JUDGMENT AS TO DEFENDANT
STATE STREET BANK AND TRUST COMPANY**

The Securities and Exchange Commission having filed a Complaint and Defendant State Street Bank And Trust Company ("Defendant" or "State Street") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $7,331,020, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,019,161, and a civil penalty in the amount of $50,000,000 pursuant to Section 20(d) of the Securities Act of 1933. As described in the Consent of Defendant State Street Bank And Trust Company ("Consent"), Defendant shall also undertake to make additional payments that, together with the disgorgement

and the civil penalty referenced above, will compensate investors in 35 of Defendant's subprime-focused commingled funds (the "Injured Investors") a total of $663,191,540, after crediting State Street for payments it has already made to Injured Investors. As described in the Consent, within 14 days of this Final Judgment, State Street shall undertake to pay and distribute to the Injured Investors a total of $313,590,653, which includes disgorgement ($7,331,020), prejudgment interest ($1,019,161), a civil penalty ($50,000,000), and an undertaking to make an additional payment of $255,240,472 to compensate Injured Investors. As described in the Consent, the additional payment of $255,240,472 takes into account a credit of $349,600,887 for payments State Street has already made to the injured investors, including a class action settlement that received preliminary approval by the United States District Court for the Southern District of New York in the case titled In re State Street Bank And Trust Co. ERISA Litigation, Case 07 Civ. 8488 (RJH) ("the ERISA class action"). If the United States District Court for the Southern District of New York does not grant final approval to the ERISA class action settlement by March 17, 2010, the Defendant shall also comply with an undertaking to pay an additional $78,589,155.91, which the Defendant shall undertake to distribute to the Injured Investors that are part of the ERISA class action by March 31, 2010 as described in the Consent. Pursuant to Section 308 of the Sarbanes-Oxley Act of 2002, Defendant shall satisfy these obligations pursuant to the undertakings set forth in the Consent, including an undertaking by Defendant to distribute the Fair Fund's proceeds to Injured Investors within 14 days of the entry of this Final Judgment. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961, and pursuant to Section 308(a) of the Sarbanes-Oxley Act, the funds shall be designated a Fair Fund

for the benefit of injured investors.

The amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as described more fully in the Consent, the Defendant shall undertake to retain an Independent Compliance Consultant to conduct a comprehensive review of Defendant's disclosure, compliance and other policies and procedures for State Street's pooled investment strategies designed to prevent and detect federal securities violations of the nature alleged in this matter.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein. As described in the Consent, the Defendant agrees that if the Defendant fails to comply with all of the undertaking and agreements set forth in the Consent, the Commission may request that this Court vacate this Final Judgment and restore this case to its active docket.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: *February 25, 2010*

_____
UNITED STATES DISTRICT JUDGE